UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **JUSTIN JONES,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**RICHMOND AUTO AUCTION** )<br>**OF VIRGINIA, INC.,** )<br>)<br>*Defendant.* )<br>) | Civil Action No. 3:23-cv-626 |

---

Because the Plaintiff in this matter is proceeding *pro se*, and because this motion may be partially dispositive, Plaintiff is entitled to the following notice:

(1) A *pro se* party is entitled to file a response opposing this motion and any such response must be filed within twenty-one (21) days of the date on which the dispositive or partially dispositive motion is filed; and

(2) The Court could dismiss the action on the basis of the moving party's papers if the *pro se* party does not file a response; and

(3) The *pro se* party must identify all facts stated by the moving party with which the *pro se* party disagrees and must set forth the *pro se* party's version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

(4) The *pro se* party is also entitled to file a legal brief in opposition to the one filed by the moving party.

---

### MEMORANDUM IN SUPPORT OF EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Defendant, Richmond Auto Auction of Virginia, Inc., by counsel, offers the following Memorandum in Support of its Emergency Motion for a Temporary Restraining Order and Preliminary Injunction against the Plaintiff, Justin Jones, proceeding *pro se* in this matter. By its Motion, Defendant is seeking an order precluding Plaintiff from his continued

harassment of non-parties in his suit against Defendant, pursuant to Fed. R. Civ. P. 26(c) and 65.

The Plaintiff, Justin Jones ("Jones"), proceeding *pro se*, has led a campaign of harassment and intimidation against non-parties and potential witnesses in this case.

Jones has a history of violent criminal conduct. In February 2022, Jones pleaded guilty to grand larceny and unlawful wounding, both of which are felonies, in the Circuit Court of Fredericksburg, Virginia. (*Comm. v. Jones*, Case Nos. CR21000890-00 and -891-00). In July 2018, Jones entered a guilty plea in Chesterfield County General District Court on a charge of Stalking/Causing Fear of Death. (*Comm. v. Jones*, Case No. GC18001933-00).[1]

On September 27, 2023, Jones wrote, or compelled an agent to write on his behalf, a Facebook message to the wife of the General Manager of Richmond Auto Auction of Virginia, Inc. ("RAA"). On a Facebook profile with the name "Les Baker," Jones (or his agent) threatened her with the loss of her home should her "shitty husband" not pay "[his] brother." A true copy of this message is attached as Exhibit 2. Although the name "Les Baker" is unfamiliar to RAA or its General Manager, the Facebook message contained the same spelling mistake ("loose"/ "loosing") as did letters Jones had placed on the

---

[1] Shortly after his guilty plea, Jones sued the Colonial Heights/Chesterfield Crime Solvers [sic] for slightly over $1,000,000 in this Court. (*Jones v. Colonial Heights/Chesterfield Crime Solvers*, Civil Action No. 3:18-cv-00823-JAG.) Jones attached the arrest warrant for his stalking charge to his amended complaint as Exhibit D. The Defendant asks the Court to take judicial notice of that Exhibit, which is attached hereto as Exhibit 1.

windshields of cars on Defendant's business premises the previous week. A true copy of that letter is attached as Exhibit 3.

On or around October 9, 2023, Jones visited RAA's business premises and the home of the President of Defendant to deliver copies of a "Notice of Subpoena," despite having received clear warnings not to trespass after previous incidents. In response to these in-person visits, the Defendant filed a Motion to Quash with the Court. In the Motion to Quash, RAA informed Jones that discovery had not yet begun pursuant to Rule 26(d) and that he was not permitted to serve papers himself. (ECF No, 4, p. 3). In that Memorandum, Defendant also repeated its previous admonitions to Plaintiff about trespass.

Jones remains undeterred. During the night of October 10, 2023, Jones went uninvited to the personal residences of four employees of Defendant (hereinafter John Doe 1 and 2 and Jane Doe 1 and 2). There, Jones taped copies of his "Notice to Preserve Evidence" (Exhibit 4) to their front doors and on their cars' windshields. With respect to Jane Doe 2, Jones repeatedly rang her doorbell, but she saw him, was fearful, and declined to answer the door. In his Notices, Jones identified himself as "pro-se Attorney for Counsel." In the Notices, Jones stated, falsely, that the recipient had been named as a witness in this case, and that the recipient "will be Subpoenaed to testify at a Deposition Hearing at the earliest date made available."

These Notices at employees' homes in the nighttime alarmed John Doe 1 and 2 and Jane Doe 1 and 2, These non-parties were unaware that Plaintiff

3

knew their home addresses, but were aware of Plaintiff's criminal conviction for stalking, and of Plaintiff's repeated trespasses on the premises of RAA. These non-parties remain fearful that Jones intends to cause them harm and are concerned that he will subject them to abuse, oppression, and harassment.

On October 11, 2023, a text message from an unknown cell phone number was sent to RAA's General Manager. The text message, which Defendant believes to have come from a "burner" cell phone owned by Jones, simply contained the General Manager's home address. The sender did not identify himself despite the General Manager's request. A copy of that message is attached as Exhibit 5. The General Manager's Declaration is attached hereto as Exhibit 6.

## STANDARD OF REVIEW

Rule 65 of the Federal Rules of Civil Procedure permits a district court to issue injunctive relief, preserving the litigation's status quo and preventing irreparable harm to the moving party, ensuring the court can offer full relief. Both preliminary injunctions and temporary restraining orders serve the "underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 438-9 (1974).

The standards for granting a temporary restraining order or preliminary injunction are the same. *Moore v. Kempthorne,* 464 F. Supp. 2d 519, 525 (E.D. Va. 2006) (internal citations omitted). A party seeking a

4

preliminary injunction must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC*, Inc., 555 U.S. 7, 20 (2008). To establish likelihood of success, the moving party need only make a prima facie case and "must generally show … a reasonable probability of ultimate success on the merits of the litigation." *Punnett v. Carter*, 621 F.2d 578, 582-83 (3d. Cir. 1980).

## ARGUMENT

RAA is likely to succeed on the merits in its claim that Jones's conduct constitutes harassment or intimidation that will interfere with the litigation process. As described above, Jones has engaged in a campaign of unwanted, hostile, and intimidating actions against nonparties, including the Defendant's employees and their families, which would cause a reasonable person to feel harassed or alarmed. Jones has a history of stalking and of engaging in violent behavior. Jones has been advised that this conduct is improper and yet he persists in engaging in that conduct.

RAA has no adequate remedy at law and will suffer irreparable harm in the absence of injunctive relief. Virginia's statute prohibiting witness tampering "was enacted for the purpose of deterring those who intimidate any witness lawfully engaged in his duties as such." *Fleming v. Commonwealth*, 13 Va. App. 349, 356, 412 S.E.2d 180, 184 (1991) (involving shooting into an occupied dwelling). That statute, however, requires proof that a "person by

5

threats of bodily harm or force knowingly attempts to intimidate or impede a … witness….” Va. Code § 18.2-460 (c). Jones's conduct, although it is frightening and intimidating to the non-party witnesses in this case, may fall short of criminal conduct in Virginia, leaving RAA with no recourse but to seek this Court's intervention.

With respect to the balance of equities, RAA's request is little more than that Jones be compelled to play by the rules. RAA asks the Court to Order Jones to cease his *ex parte* contacts with RAA's employees when they involve the subject matter of this case. RAA asks that Jones cease "serving papers" on the Defendant and non-parties, except in the manner permitted by the Federal Rules of Civil Procedure and this Court's Local Rules. Beyond basic adherence to these Rules, the Defendant asks that this Court order the Plaintiff not to make threatening statements against non-parties and not to intimidate witnesses. Plainly, a greater injury will be inflicted upon the Defendant by the denial of this injunctive relief than would be inflicted upon the Plaintiff by the granting of such relief.

Finally, it is plainly in the public interest to deter the intimidation of witnesses. *Fleming v. Commonwealth*, 13 Va. App. at 356, 412 S.E.2d at 184. This Court's grant of the requested injunctive relief will serve that public interest and will maintain the integrity of the judicial process.

## CONCLUSION

For the foregoing reasons, the Defendant, Richmond Auto Auction of Virginia, Inc., by counsel, prays that this Court enter an Order against the

Defendant as follows:

1. That Plaintiff cease his *ex parte* contacts with the Defendant's employees when they involve the subject matter of this case;

2. That Plaintiff cease delivering documents to the Defendant and non-parties, except in the manner permitted by the Federal Rules of Civil Procedure and this Court's Local Rules;

3. That the Plaintiff not to make threatening or intimidating statements against non-parties or knowingly approach within 100 yards of any non-party witness to this case, or any employee or family member of Defendant;

4. That this Court's Order remain in full force and effect until such time as the Court specifically orders otherwise;

5. Plaintiff Jones shall show cause before the Court on the 18th day of October, 2023, or as soon thereafter as counsel may be heard, why a Preliminary Injunction should not be ordered according to the terms and conditions set forth above.

Dated this 11th day of October, 2023.

        RICHMOND AUTO AUCTION
        OF VIRGINIA, INC.
        By Counsel:

        <u>/s/ Blackwell N. Shelley, Jr.</u>
        Blackwell N. Shelley, Jr. (VSB No. 28142)
        Tim Schulte (VSB No, 41881)
        Shelley Cupp Schulte, P.C.
        3 W. Cary Street

Richmond, Virginia 23220
Tel: (804) 644-9700
Fax: (804) 278-9634
shelley@scs.law
schulte@scs.law
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

On the 11th day of October, 2023, the foregoing Emergency Motion for Temporary Restraining Order and Preliminary Injunction was filed electronically with the Court using the CM/ECF system. I further certify that I sent a copy of the same via first class U.S. mail, postage prepaid, to the Plaintiff, at the following address:

Justin Jones
13926 Hull Street Road, Suite 123
Midlothian, VA 23112

/s/ Blackwell N. Shelley, Jr.
Blackwell N. Shelley, Jr. (VSB No. 28142)
Tim Schulte (VSB No. 41881)
Shelley Cupp Schulte, P.C.
3 W. Cary Street
Richmond, Virginia 23220
Tel: (804) 644-9700
Fax: (804) 278-9634
shelley@scs.law
schulte@scs.law