IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JUSTIN L. JONES,**

      **Plaintiff,**

v.                                                                         Civil Action No. 3:23cv626

**RICHMOND AUTO AUCTION OF**
**VIRGINIA, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court on two motions: (1) *pro se* Plaintiff Justin Jones's Motion to File Amended Complaint *In Camera* and to Add Defendants (the "Motion to File Amended Complaint"), (ECF No. 17); and (2) Mr. Jones's Motion for Extension, (ECF No. 22). In the Motion to File Amended Complaint, Mr. Jones requests, "pursuant to Section 3730(b)(2) of the False Claims Act", to file an Amended Complaint "separately from" the Motion to File Amended Complaint. (ECF No. 17, at 1.) Mr. Jones later provided a copy of the proposed Amended Complaint, which was filed under seal. (ECF No. 17-2.) Mr. Jones also requests to add additional defendants in his Amended Complaint. (ECF No. 17, at 1–2.) In the Motion for Extension, Mr. Jones requests that the Court extend the deadline to file his Amended Complaint to November 6, 2023. (ECF No. 22, at 1.) In support of the Motion for Extension, Mr. Jones states that he needs "more time" due to "the complexity of the case." (ECF No. 22, at 2.) On November 6, 2023, Defendant Richmond Auto Auction of Virginia, Inc. filed a Memorandum in Opposition to Plaintiff's Motion to File Amended Complaint *In Camera* and to Add Defendants (the "Opposition"). (ECF No. 23.)

On October 4, 2023, the Court ordered Mr. Jones to file an Amended Complaint by November 1, 2023. (ECF No. 2, at 1.) On October 19, 2023, the Court issued an Order extending "the deadline to file an Amended Complaint to November 2, 2023, in the form described in the Court's October 4, 2023 Order." (ECF No. 16, at 1.)

The Court has reviewed the proposed Amended Complaint, (ECF No. 17-2), and finds that it brings both personal claims and, improperly, *qui tam*[1] claims. Mr. Jones may not pursue a *qui tam* action *pro se*. *See Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 241 (4th Cir. 2020) ("[A] pro se plaintiff cannot represent the Government's interest in a qui tam suit[.]"); *United States ex rel. Folse v. Hallmark Youthcare-Richmond, Inc.*, No. 3:19CV09 (MHL), 2019 WL 13251169, at *2 (E.D. Va. Dec. 31, 2019) (dismissing an action because the plaintiff "may not proceed as a *pro se* litigant" in a *qui tam* False Claims Act action); *see also U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009) (observing that "[t]he procedural differences between personal and *qui tam* litigation are so great that it is often impractical to pursue both claims in one suit—and sometimes impossible, as when . . . the plaintiff wants to proceed *pro se*"). A district court may deny leave to amend when the proposed amended complaint would not survive a motion to dismiss, because the attempt to amend is futile. *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008).

Accordingly, Mr. Jones's Motion to File Amended Complaint is DENIED WITHOUT PREJUDICE. (ECF No. 17.) The Motion for Extension is DENIED AS MOOT. (ECF No. 22.)

---

[1] "'*Qui tam*' is shorthand in current legal usage for the Latin phrase *qui tam pro domino rege quam pro se ipso in hac parte sequitur*, which means who pursues this action on our Lord the King's behalf as well as his own." *U.S. ex rel. Beauchamp v. Academi Training Ctr. Inc.*, 816 F.3d 37, 39 n.1 (4th Cir. 2016) (internal quotation marks and citation omitted) (italics added).

Mr. Jones is ADVISED that if he wishes to file a *qui tam* action, he must file it as a separate action and will need to obtain counsel outside of the Court's *Pro Se* Mediation Program.

If Mr. Jones still wishes to pursue his personal claims in this case, Mr. Jones is further ORDERED to file an Amended Complaint, by December 15, 2023, as described in the Court's October 4, 2023 Order, (ECF No. 2), and as follows:

1. At the very top of the amended pleading, Mr. Jones must place the following caption in all capital letters: "AMENDED COMPLAINT FOR CIVIL ACTION NUMBER: 3:23cv626."

2. The first paragraph of the particularized amended complaint must contain a list of defendant(s). Thereafter, in the body of the particularized amended complaint, Mr. Jones must set forth legibly, in separately numbered paragraphs a short statement of the facts giving rise to his claims for relief. Thereafter, in separately captioned sections, Mr. Jones must clearly identify each federal or state law allegedly violated. Under each section, Mr. Jones must list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him. Such explanation should reference the specific numbered factual paragraphs in the body of the particularized amended complaint that support that assertion.

3. Mr. Jones shall also include the relief he requests – what in the law is called a "prayer for relief."

4. The particularized amended complaint must stand or fall on its own accord. Mr. Jones may not reference statements in the prior complaints.

5. The particularized amended complaint must omit any unnecessary incorporation of factual allegations for particular claims and any claim against any defendant that is not well-grounded in the law and fact. *See Sewraz v. Guice*, No. 3:08cv035, 2008 WL 3926443, at *2 (E.D. Va. Aug. 26, 2008).

Mr. Jones is permitted to bring proper claims against new defendants in the Amended Complaint. Mr. Jones is ADMONISHED that continued filing of improper complaints in this action risks dismissal of this case.

It is SO ORDERED.

Date: 11/21/23
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge